**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 17-4269**

―――――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LARRY PYOS, JR.,

        Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:16-cr-00178-GBL-1)

―――――――――――

Submitted:  December 5, 2022                 Decided:  December 13, 2022

―――――――――――

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

―――――――――――

Vacated in part, affirmed in part, and remanded by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** Gregory B. English, ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, J. Tyler McGaughey, Assistant United States Attorney, Christopher Catizone, Assistant United States Attorneys, Alexandria, Virginia, Jessica D. Aber, United States Attorney, Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Pyos, Jr., appeals from the criminal judgment imposed after a jury convicted him of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; Hobbs Act robbery and attempted Hobbs Act robbery, also in violation of § 1951; discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pyos asserts that the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal as to the Hobbs Act robbery counts and the § 924(c) convictions predicated on the Hobbs Act robbery counts because (1) Hobbs Act robbery and attempted Hobbs Act robbery are no longer crimes of violence sufficient to support a § 924(c) conviction after *Johnson v. United States*, 576 U.S. 591, 602 (2015) (declaring residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e), unconstitutionally vague); and (2) the Government failed to establish that Pyos' conduct effected interstate commerce to support the Hobbs Act robbery counts. Pyos also asserts that the district court erred when it denied his motion for disclosure of the Government's star witness' presentence report (PSR) because the "ruling ignored the fact that *Brady v. Maryland*[, 373 U.S. 83 (1963),] compels the prosecution and court to disclose exculpatory evidence regardless of what the defendant might already know." (ECF No. 26 at 18). We affirm in part and vacate in part.

First, we discern no error in the district court's decision to deny Pyos' motion to compel disclosure. A district court's evidentiary rulings are generally reviewed for abuse of discretion "and we will only overturn an evidentiary ruling that is arbitrary and

irrational." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). Although due process requires that the Government disclose to the accused any favorable evidence in its possession that is material to guilt or punishment, *Brady*, 373 U.S. at 87, "[o]n occasion, the government may possess potential *Brady* material that it deems privileged or that is otherwise confidential," *United States v. Trevino*, 89 F.3d 187, 189 (4th Cir. 1996). "If the accused does not specifically request that [such confidential evidence] be produced, this material is treated much like everything else in the government's file, i.e., the prosecutor's decision on disclosure is final." *Id.* (internal quotation marks omitted).

Moreover, this court has recognized that PSRs "represent a special subcategory of potentially discoverable confidential information," *id.* at 190, and, thus, "PSRs are entitled to a greater degree of protection from examination and disclosure" than other sensitive records, *id.* at 192. Accordingly, "as a prerequisite to an *in camera* review" by the district court, the defendant "must plainly articulate how the information contained in the PSR will be both material and favorable to his defense[,]" *id.* at 192-93, and we will review the district court's decision "only to see whether. . . [it] was clearly erroneous," *id.* at 193. Having reviewed Pyos' reasons for requesting the witness' PSR, and considering the district court's observations after its *in camera* review of information contained in the PSR, we discern no error in the district court's decision to bar disclosure.

We next review de novo the district court's denial of Pyos' motion for judgment of acquittal. *See United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). "[W]e will uphold the verdict if, viewing the evidence in the light most favorable to the [G]overnment,

3

it is supported by substantial evidence, which is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). In assessing the sufficiency of the evidence, we must determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012).

"Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt." *Id.* In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012). Moreover, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

We discern no error in the district court's rejection of Pyos' Rule 29 motion as to the Hobbs Act robbery counts. The Hobbs Act makes it a crime to commit robbery or extortion to obstruct, delay, or affect commerce or the movement of any commodity in commerce. 18 U.S.C. § 1951(a). To establish a § 1951(a) offense, the Government need only prove: "(1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear or under color of official right; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce." *United States v. Reed*, 780 F.3d 260, 271 (4th Cir. 2015) (internal quotation marks omitted).

4

As is most relevant here, "the jurisdictional predicate of the Hobbs Act requires only that the government prove a 'minimal' effect on interstate commerce." *United States v. Taylor*, 754 F.3d 217, 222 (4th Cir. 2014). And as we have expressly recognized, "[s]uch an impact is not difficult to show" and "[t]he effect may be so minor as to be de minimis and may be demonstrated by proof of probabilities." *Id.* (cleaned up). "Moreover, the government is not required to prove that the defendant intended to affect commerce or that the effect on commerce was certain; it is enough that such an effect was the natural, probable consequence of the defendant's actions." *Id.* (internal quotation marks omitted). Viewing the evidence in the light most favorable to the Government, and considering that "it would violate the principles of common sense to find that robbing a legitimate place of business would not have even a minimal effect on interstate commerce, especially when we have to view such activities in the aggregate," *United States v. Tillery*, 702 F.3d 170, 174-75 (4th Cir. 2012), we find that the Government presented substantial evidence to support the interstate commerce element of the Hobbs Act robbery counts.

We also discern no error in the district court's decision to deny Pyos' Rule 29 motion as to his § 924(c) convictions premised on the substantive Hobbs Act robbery counts. This court has expressly held that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)[,]" *see United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), and, thus, *Johnson* does not invalidate Pyos' § 924(c) convictions premised on the substantive Hobbs Act robbery counts.

We nonetheless agree with the parties that Pyos' conviction on Count 11, which was predicated on a count charging attempted Hobbs Act robbery, is no longer valid. Under

5

federal law, a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying "crime of violence" and the additional crime of utilizing a firearm in connection with a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts typically refer to § 924(c)(3)(A) as the 'force clause' and § 924(c)(3)(B) as the 'residual clause.'" *United States v. Taylor*, 979 F.3d 203, 206 (4th Cir. 2020) ("*Taylor I*"), *aff'd*, 142 S. Ct. 2015 (2022) ("*Taylor II*"). "In view of the Supreme Court's invalidation of the residual clause as unconstitutionally vague, [Pyos'] § 924(c) conviction [on Count 11] may stand only if attempted Hobbs Act robbery constitutes a 'crime of violence' under the force clause." *Taylor I*, 979 F.3d at 206-07 (citation omitted).

After Pyos filed his appeal, we concluded in *Taylor I* that attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s force clause. *Id.* at 210; *see id.* at 209 (holding that attempted Hobbs Act robbery is no longer a "crime of violence" under § 924(c) because the defendant may commit a substantial step by such nonviolent means as "passing a threatening note to a store cashier" or "cas[ing] the store that he intends

6

to rob"). The Supreme Court agreed.* *Taylor II*, 142 S. Ct. at 2021 ("Simply put, no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force."). Pyos' conviction on Count 11 is therefore no longer supported by a valid predicate and, thus, that conviction must be vacated.

Accordingly, we vacate Pyos' conviction on Count 11 and remand for resentencing. *See Taylor I*, 979 F.3d at 210; *see also United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (holding that, under the sentencing package doctrine, "if some counts [of a multicount criminal judgment] are vacated, the judge should be free to review the efficacy of what remains in light of the original [sentencing] plan" (internal quotation marks omitted)). We affirm the remainder of the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED*

---

* This appeal was held in abeyance pending this court's decision in *United States v. Ali*, 991 F.3d 561 (4th Cir.), *cert. denied*, 142 S. Ct. 486 (2021), and *Taylor I*, as well as the Supreme Court's decision in *Taylor II*. After *Taylor II* issued, we directed the parties to file supplemental briefs addressing what effect, if any, *Taylor II* has on Pyos' § 924(c) convictions.